STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
JOHN A. BALLA (Cal. Bar No. 295474)
CORY L. BURLESON (Cal. Bar No. 322239)
Assistant United States Attorneys
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6202
                (951) 276-6945
     Facsimile: (951) 276-6202
     E-mail:    John.Balla@usdoj.gov
                Cory.Burleson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>THADDEUS JULIAN CULPEPPER,<br><br>            Defendant. | CR No. 20-00009-DOC<br><br>PLEA AGREEMENT FOR DEFENDANT THADDEUS J. CULPEPPER |

1.   This constitutes the plea agreement between THADDEUS JULIAN CULPEPPER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the indictment in <u>United States v. Thaddeus Julian Culpepper</u>, CR No. 20-00009-DOC, which charges defendant with two counts of retaliation against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. § 1521.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   d. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 17 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

   e. Recommend that any term of imprisonment imposed in this matter run concurrently with any term of imprisonment imposed on defendant in the pending criminal case <u>United States v. Thaddeus J. Culpepper</u>, No. CR 18-00685-CJC.

<u>NATURE OF THE OFFENSES</u>

 4. Defendant understands that for defendant to be guilty of the crime charged in Counts One and Two of the indictment, that is, retaliation against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. § 1521, the following must be true: (i) defendant filed, attempted to file, or conspired to file, in a public record, a false lien or encumbrance against the real or personal property of an individual; (ii) such individual was an officer or employee of the United States or of any agency in any branch of the United States Government; (iii) defendant filed the lien or encumbrance on account of the performance of such individual's official duties; and (iv) defendant knew or had reason to know that such lien or encumbrance was false or contained any

materially false, fictitious, or fraudulent statement or representation.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1524, is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

4

Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

10.   Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined

in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

11. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On July 8, 2019, in Los Angeles County, defendant caused a false lien and encumbrance to be filed against the real and personal property of Federal Judge A, a United States District Judge for the Central District of California, on account of Federal Judge A's performance of his official duties as the judge presiding over defendant's pending criminal case, United States v. Thaddeus Julian Culpepper, No. CR 18-00685-CJC.  At the time defendant caused the false lien and encumbrance to be filed, defendant knew and had reason to know that such lien and encumbrance was false and contained at least one materially false, fictitious, and fraudulent statement and

6

representation, including a statement that defendant held a perfected security interest in all assets of Federal Judge A.

On July 8, 2019, in Los Angeles County, defendant caused a false lien and encumbrance to be filed against the real and personal property of Federal Warden A, a federal official, on account of the performance of Federal Warden A's official duties as the Warden of the Metropolitan Detention Center, Los Angeles, where defendant had been detained since October 2018. At the time defendant caused the false lien and encumbrance to be filed, defendant knew and had reason to know that such lien and encumbrance was false and contained at least one materially false, fictitious, and fraudulent statement and representation, including a statement that defendant held a perfected security interest in all assets of Federal Warden A.

## SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1 |
| Official Victim | +6 | U.S.S.G. § 3A1.2(b) |
| Grouping | +2 | U.S.S.G. §§ 3D1.2; 3D1.4 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 33 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 27 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or

(c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing

factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant, and that no additional promise, understanding, or

1  agreement may be entered into unless in a writing signed by all
2  parties or on the record in court.
3           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
4      29.  The parties agree that this agreement will be considered
5  part of the record of defendant's guilty plea hearing as if the
6  entire agreement had been read into the record of the proceeding.
7  AGREED AND ACCEPTED
8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA
10 STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
11
12 /s/ John A. Balla for _____   9/9/22
13 CORY L. BURLESON                                 Date
   Assistant United States Attorney
14 _____                          9/9/22
15 THADDEUS JULIAN CULPEPPER                        Date
   Defendant, Pro Se
16
17                 CERTIFICATION OF DEFENDANT
18     I have read this agreement in its entirety.  I have had enough
19 time to review and consider this agreement.  I understand the terms
20 of this agreement, and I voluntarily agree to those terms.  I have
21 considered the evidence, and I understand my rights, of possible
22 pretrial motions that might be filed, of possible defenses that might
23 be asserted either prior to or at trial, of the sentencing factors
24 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
25 provisions, and of the consequences of entering into this agreement.
26 No promises, inducements, or representations of any kind have been
27 made to me other than those contained in this agreement.  No one has
28 threatened or forced me in any way to enter into this agreement.  I

am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  _____9/9/22_____
THADDEUS JULIAN CULPEPPER        Date
Defendant, Pro Se