E. MARTIN ESTRADA
United States Attorney
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
JOHN A. BALLA (Cal. Bar No. 295474)
CORY L. BURLESON (Cal. Bar No. 322239)
Assistant United States Attorneys
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, CA 92501
    Telephone: (951) 276-6246
    Facsimile: (951) 276-6202
    E-mail:   john.balla@usdoj.gov
              cory.burleson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>THADDEUS J. CULPEPPER<br><br>        Defendant. | ED CR No. 20-009-DOC<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT THADDEUS J. CULPEPPER<br><br>**Sentencing Date:** 11/14/22<br>**Sentencing Time:** 11:30 AM |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorneys John A. Balla and Cory L. Burleson, hereby files its sentencing position as to defendant Thaddeus J. Culpepper.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity

to supplement its position or respond to defendant as may become necessary.

Dated: November 9, 2022                    Respectfully submitted,

                                           E. MARTIN ESTRADA
                                           United States Attorney

                                           SEAN D. PETERSON
                                           Assistant United States Attorney
                                           Chief, Riverside Office

                                           /s/ John A. Balla
                                           JOHN A. BALLA
                                           CORY L. BURLESON
                                           Assistant United States Attorneys

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

**I.     INTRODUCTION**

Defendant Thaddeus J. Culpepper comes before the Court for sentencing on two counts of filing false liens against federal officials in violation of 18 U.S.C. § 1521.  Those charges arose after defendant filed false liens against the property of a federal judge and a federal warden in connection with his pending prosecution in another case.

Based on the appropriate sentencing considerations in 18 U.S.C. § 3553(a), the government respectfully requests a sentence of 30 months' imprisonment on each count, each running concurrently with each other and each running concurrently with any sentence imposed against defendant in CR No. 18-685-CJC, followed by a three-year term of supervised release, and a $200 special penalty assessment.

**II.    FACTUAL BACKGROUND**

**A.     The Offense Conduct**

In 2018, defendant was charged with bank fraud by criminal complaint in a separate case, CR No. 18-685-CJC.  (PSR ¶11.)  Defendant was ordered detained pending trial, and he was held at the Metropolitan Detention Center in Los Angeles.  (Id.)

In 2019, while still in custody during his case, defendant, with the help of a participant outside of the jail, caused false liens to be filed against the assets of the judge presiding over his pending case and against the assets of the warden overseeing the jail where he was held.  (Id. ¶¶15-16.)  Defendant filed those liens on account of the judge and the warden performing their official duties, and defendant knew that those liens were false and that they contained at least one false statement.  (Dkt. No. 80 at 6-7.)

**B.    Defendant's Criminal History**

Defendant has a California conviction for misdemeanor reckless driving and a federal conviction following his guilty plea in the related bank-fraud case, CR No. 18-685-CJC, both of which give him one criminal history point.  (PSR ¶¶50, 52.)  He was also on probation for his reckless-driving conviction when he committed the instant offense, so he receives an additional two criminal history points.  (Id. ¶54.)

**III.  GUIDELINES CALCULATION**

The defendant's PSR calculates a criminal history category of III, based on 4 criminal history points, and a total offense level of 17.  The resulting advisory Guidelines range is 30 to 37 months of imprisonment.  The government concurs with the Probation Office's calculation.

**IV.   APPROPRIATE SENTENCE**

The Sentencing Guidelines are the "starting point and the initial benchmark" for sentencing. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008).  After calculating the Guidelines range, the Court must consider "the nature and circumstances of the offense," and "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  The Court should then consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and to rehabilitate the defendant.  18 U.S.C. § 3553(a)(2).  The Court should impose a sentence that is sufficient, but not greater than necessary, to satisfy these statutorily prescribed sentencing objectives. 18 U.S.C. § 3553(a).

Defendant committed serious offenses in this case. He retaliated against federal officials for performing their jobs, and he did so when he should have been on his best behavior during a pending case. Courts must protect the integrity of the legal process by imposing serious consequences for that kind of interference. Defendant's status as a lawyer should have instilled appropriate respect for the legal system on defendant, and his actions in this case significantly departed from what we expect of those entrusted as lawyers.

In mitigation, the government is not aware of any concrete loss suffered by either victim in this case. Further, defendant seems to have lived a productive life up until his transgressions beginning around 2015. Make no mistake, defendant's transgressions in recent years are serious. He committed the offenses in the related bank-fraud case; he committed the offenses in this case; and he is alleged to have committed other offenses in a pending matter before the Los Angeles County Superior Court. (PSR ¶57.) But before then, absent a few seemingly minor issues with the bar, defendant appears to have had a productive and honorable career as a lawyer. Between this case and the related bank-fraud case, defendant spent about four years in custody. Defendant clearly knows how to be good citizen, and the consequences thus far in this case and his related bank-fraud case are sufficient to communicate the seriousness of defendant's conduct, deter him from committing further crimes, and serve the other goals of sentencing. Balancing the aggravating and mitigating factors, the government respectfully requests a sentence of 30 months' imprisonment on each count in this case, each running concurrently

with each other and with any sentence imposed against defendant in the related bank-fraud case.

**V.　CONCLUSION**

　　For the reasons above, the Court should sentence defendant to 30 months' imprisonment on each count, each running concurrently with each other and each running concurrently with any sentence imposed against defendant in CR No. 18-685-CJC, followed by a three-year term of supervised release, and a $200 special penalty assessment.